## GILLIS *v.* BAILEY.

A condition in a deed of land that only one single dwelling-house or store shall be erected thereon, is broken by the erection of a building containing several tenements, designed for the use and occupation of separate families.

The general agent of a corporation in charge of its lands, buildings, &c., cannot, in virtue of his general authority to manage the affairs of the corporation, make a lease for the purpose of trying the title to land into which he has entered for condition broken, under a vote of the corporation specially authorizing him to enter and hold the land, but containing no provision empowering him to make a lease.

And the fact that he has been accustomed to make leases of lands in the possession of the corporation, for the purpose of obtaining rent, and has accounted for the proceeds, without objection to his acts, is not sufficient evidence of authority to make such lease to try a disputed title.

A suit prosecuted by the corporation in the name of the lessee cannot operate as a ratification.

EJECTMENT, to recover a certain lot of land in Manchester. Plea, the general issue.

On the 24th of October, 1838, the Amoskeag Company,

being the owner of the lot, conveyed it in fee to Ziba Gay.
The deed recited that the corporation was induced to dis-
pose of its lands in large parcels, and at prices below the
true value, in order that the buildings erected thereon
might not be crowded together, but might each be sur-
rounded by a space of open ground, and that for this pur-
pose it had been agreed between the parties that only one
single dwelling-house, or store, with a shed or barn, and
the other out buildings requisite for the use of the same,
should, within twenty-five years from date, be erected or
placed upon the lot, the price having been regulated by
this consideration.    It then conveyed the premises, upon
the express condition that if any building other than those
before mentioned should, within twenty-five years, be
erected or placed on the land, and should not be removed
therefrom within three months after a notice in writing
for that purpose, the corporation might immediately, or at
any time within three years thereafter, enter into and
upon the buildings so erected, or placed, in breach of the
condition, and hold the same, with the land under them
and adjoining thereto, to the sole use and benefit of the
corporation, free from all incumbrances, until the expira-
tion of the said period of twenty-five years.

Gay conveyed the lot to Samuel Dana, and Dana con-
veyed it to the defendant, June 13, 1839.

In 1839 the defendant erected a building, two stories
high, upon the lot, finished to accommodate three tenants.
It was occupied by three families in severalty, but there
were doors in each story, connecting the several parts, so
that a person could pass through them to all parts of the
building.    The defendant, after the building was fully oc-
cupied, made an addition to it, connected throughout in a
similar manner.    This addition was also adapted in the
same manner to the occupation of three families, and was
so occupied by the defendant and two other persons.
There was but one partition in the cellar under the whole
building.

June 20, 1842, the corporation executed a power-of-attorney to Robert Read, their general agent, authorizing him to give notice to the owners and occupants of any lots on which buildings had been erected in violation of the conditions, to remove the buildings, and in default to enter, take possession, &c., and hold for the use of the corporation.

October 19, 1842, Read, as agent, gave a written notice to the defendant; and on the 25th of March, 1843, he entered into the part of the building occupied by the defendant, for condition broken, requiring the defendant to give up the possession to him; and upon this entry he executed, and delivered, on the premises, a lease to the plaintiff, for the term of five years, to enable the plaintiff to bring this action. The defendant refused to quit the premises. Read did not act under any vote or written authority of the corparation in making the lease; but he was the general agent of the company, in charge of their lands, buildings, and water-power; and had in several instances before executed leases of the company's lands, without objection, and credited the rents in his accounts with the corporation. On these facts the defendant contended that Read had no authority to execute the lease to the plaintiff; that nothing passed by it because of the plaintiff's possession; and that the building erected was not a violation of the condition in the deed to Gay. · The court ruled otherwise, and a verdict was taken, by consent, for the plaintiff, subject to the opinion of this court upon the above facts.

*S. D. Bell* (with *Farley* and *Clark*), for the plaintiff. It has been held that corporations cannot act without writing, under the corporate seal. 2 Bac. Abr. 13; Co. Litt. 94, b; 6 Rep. 38, b, *Bellamy's Case;* Cro. Car. 170, *Edgar* v. *Sorrell;* 2 Saund. 305, *Dean of Windsor* v. *Gover;* 1 Vent. 47, *Horn* v. *Ivy;* 3 P. Wms. 419, *Rex* v. *Bigg.* But this

rule has been condemned, and the acts of agents, within the usual scope of their business, do not need the support of the corporate seal. 8 Wheat. 338, *Flecher* v. *United States Bank ;* 7 Cranch 299, *Bank of Columbia* v. *Patterson ;* 1 N. H. Rep. 26, *Eastman* v. *Coos Bank ;* 5 Wend. 592, *Jackson v. Brown.*

A corporation may make a lease to try a title. Roscoe's Real Actions 513; 1 Bulst. 119, *St. Johns College* v. *Norris ;* Kyd on Corp. 187.

The condition in the company's deed to Gay should be construed in the ordinary and general meaning of the terms used. "One single dwelling-house," imports a building adapted for the accommodation of one household. Several houses in connection are none the less *several* by reason of the connection.

*Morrison,* and *Pierce,* for the defendant.

PARKER, C. J.   We are clearly of opinion that the building erected by the defendant, and the addition afterwards made to it by him, were in violation of the condition in the deed to Gay, under which the defendant held his title, and by which, therefore, he was bound. The original building contained substantially three separate tenements, and the addition to it contained three more. It seems clear that the whole was expressly designed for the occupation of six families, and that the expedient of constructing doors, so that there could be a communication from one tenement to another, through all parts of the building, was an unmistakable attempt to evade the force and effect of the condition by a mere subterfuge. The building is substantially a block of six houses, and a jury must have so found.

The condition being broken, the grantors were entitled to enter for the breach, and there is no question made that the notice and the entry were regular, if there was a breach.

Gillis *v.* Bailey.

But the defendant maintains his position that the plaintiff has no right, because the lease to him was executed by Read without any sufficient authority. It is not material to inquire whether Read had, by virtue of his authority as agent, power to make leases of the lands of the company, in the manner in which he has made them before this transaction. If that were admitted, the power could not extend to this case. The evidence that it was a part of the authority of the agent, being derived, not from any express words, but from the exercise of the power, with the knowledge and approbation of the corporation, as if it were authorized, the power must be regarded as limited to the description of cases in which it had been exercised, and which serve to prove its existence; and it could not therefore be deemed to extend to cases dissimilar in their character. Such evidence could not sustain an inference that the power extended to cases like the present, because here the land was held adversely under a title from the corporation itself. The general authority of the agent could not authorize him to interfere with the tenants of land which the corporation had sold, to judge whether the condition upon which it was held had been performed, and to enter to enforce a forfeiture of the possession, upon a supposed breach. This appears to have been understood. A special authority was conferred upon the agent, and we must look to this for his powers. It appears that he was authorized to give notice, and to take possession of buildings which had been erected in violation of the conditions, and to hold for the corporation. But we find nothing in the vote conferring a power to make a lease, in order that the lessee might bring ejectment to try the title, and such a power cannot be regarded as incidental to an authority to enter and hold. When, upon the entry, the tenant refused to give up the possession, the corporation had a right of action, but the agent had no further power except to hold, and remove the tenant, if he could do so peaceably.

Gillis *v.* Bailey.

There may be another question, to wit: whether the corporation has ratified this lease, so that it can be made available in support of this action. The case finds that the lease was made to enable the plaintiff to bring this suit. It may be supposed, therefore, that the action is brought for the benefit of the company. Assuming,—which certainly does not distinctly appear,—that the suit is brought or prosecuted by the corporation, in the name of the plaintiff as lessee, to try the title, can this operate as a ratification which will relate back, and render this a good lease to sustain the suit? If the defendant has ousted the plaintiff, as alleged, it was before the action was instituted. It is apparent that the suit itself cannot make the defendant a wrong-doer as regards the plaintiff, for matter which occurred prior to the institution of the suit, unless it renders the lease valid as of a time anterior to the act which is regarded as wrongful. But this it cannot do. The plaintiff had no title up to the time when the suit was commenced, and of course the defendant had not ousted him up to that time. The commencement of the suit cannot, as a ratification of the lease, give him a title, and make the acts of the defendant a previous ouster, by relation back to the time when the lease was executed.

*Verdict set aside.*